**PAHL & McCAY**
A Professional Corporation
**Karen K. McCay, Esq.** (State Bar No. 187664)
**Ginger L. Sotelo, Esq.** (State Bar No. 210429)
**Michael J. Cheng, Esq.** (State Bar No. 244414)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1700
Telephone No.: (408) 286-5100
Facsimile No.: (408) 286-5722
kmccay@pahl-mccay.com
gsotelo@pahl-mccay.com
mcheng@pahl-mccay.com

Attorneys for Defendant
MID-PENINSULA COALITION
BELLE HAVEN, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARSHALL LOSKOT,<br><br>Plaintiff,<br><br>v.<br><br>RISTORANTE BUON GUSTO, INC., a California corporation, dba BUON GUSTO, MID-PENINSULA COALITION BELLE HAVEN, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C075035 EDL<br><br>**ANSWER OF DEFENDANT MID-PENINSULA COALITION BELLE HAVEN, INC. TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Defendant MID-PENINSULA COALITION BELLE HAVEN, INC. ("Defendant") hereby answers Plaintiff MARSHALL LOSKOT's ("Plaintiff") Complaint for Injunctive Relief and Damages ("Complaint"), as follows:

1. Defendant admits those allegations of Paragraphs 1, 2, and 38 of Plaintiff's Complaint.

2. Defendant denies each and every, generally and specifically, all and singularly, the allegations contained in Paragraphs 4, 6, 7, 8, 11, 12, 14, 15, 16, 25, 28,

///

29, 30, 33, 42, 44, 46, 47, 48, 49, 50, 54, 55, 56, 57, 58, 59, 60, 61, 62, 65, and 68 of Plaintiff's Complaint.

3. Defendant lacks sufficient information and belief with respect to the allegations contained in Paragraphs 5, 9, 10, 13, 36, 37, 39, 40, 43, 45, and 46 of Plaintiff's Complaint, and on that basis denies each and every, generally and specifically, all and singularly, the allegations of said paragraphs.

4. As to Paragraphs 18, 19, 20, 21, 22, 24, 26, 35, 41, 66, and 67 the cited statutory provisions speak for themselves and no answer is required as to Plaintiff's allegations concerning the terms referred to and contained therein.

5. As to Paragraphs 17, 34, 51, and 64 no answer is required by Defendant.

6. As to Paragraph 3, Defendant admits that BUON GUSTO is located at 224 Grand Avenue, South San Francisco, California, but denies that BUON GUSTO is owned and operated by Defendant.

7. As to Paragraph 12, Defendant lacks sufficient information and belief with respect to the allegation that Plaintiff visited BUON GUSTO on or about May 31, 2007. Defendant denies each and every other allegation contained in Paragraph 12.

8. As to Paragraph 23, the cited statutory provision speaks for itself. Defendant denies each and every remaining material allegation contained within Paragraph 23.

9. As to Paragraph 27, the cited statutory provision speaks for itself. Defendant denies each and every remaining material allegation contained within Paragraph 27.

10. As to Paragraph 31, the cited statutory provision speaks for itself. Defendant denies each and every remaining material allegation contained within Paragraph 31.

11. As to Paragraph 32, the cited statutory provision speaks for itself. Defendant denies each and every remaining material allegation contained within Paragraph 32.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

12. As to Paragraph 36, the cited statutory provision speaks for itself. Defendant denies each and every remaining material allegation contained within Paragraph 36.

13. As to Paragraph 37, the cited statutory provision speaks for itself. Defendant lacks sufficient information and belief with respect to the remaining allegations contained within Paragraph 37.

14. As to Paragraph 52, the cited statutory provisions speak for themselves. Defendant denies each and every remaining material allegation contained within Paragraph 52.

15. As to Paragraph 53, the cited statutory provisions speak for themselves. Defendant denies each and every remaining material allegation contained within Paragraph 53.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, and as separate and distinct defenses, this answering Defendant alleges as follows:

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiffs' Complaint, and each cause of action therein, fails to state facts sufficient to constitute any cause of action against this answering Defendant.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that the relief sought by Plaintiff is barred due to the acts, conduct, and omissions of Plaintiff which constitutes unclean hands.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint, and each claim for relief contained therein, is barred because Plaintiff would be unjustly enriched by receipt of any recovery prayed for in the Complaint.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint, and each cause of

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

action contained therein, is barred by the applicable statute of limitations, including, but not limited, to California Code of Civil Procedure Section 337, 338, 339, 340, 343, and California Government Code Section 12960 and 12965(b).

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that its conduct with respect to the Plaintiffs and their use of the premises, was at all times, in complete good faith based upon good cause, and motivated solely by legitimate consideration.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint, and each claim for relief thereof, are barred in whole or in part because Plaintiff has sustained no injury or damage by reason of acts or omissions of this Defendant.

AS AND FOR AN SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff lacks standing to bring one or more of the causes of action stated in the Complaint.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claim for relief is barred in that Plaintiff did not suffer emotional distress to such substantial quantity or induced quality that no reasonable man in a civilized society should be expected to endure.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant assert that as to the Complaint, and each cause of action contained therein, punitive or exemplary damages are quasi-criminal in nature and that the rights given Defendants in criminal proceedings under the Fifth, Sixth and Fourteenth Amendments of the United State Constitution and Article I, Sections 7, 15 and 17, and Article IV, Section 16, of the California Constitution apply. Absent such procedural rights and protections and an evidentiary burden of proof that the imposition of punitive or exemplary damages be proved by Plaintiff beyond a reasonable doubt, the rights of this answering Defendant are violated.

///

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant asserts that Plaintiff's Complaint, and each cause of action contained therein, violate Defendant's right to equal protection under the law and the right to be free from cruel and unusual punishment and excessive fines under the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, Sections 7 and 17, and Article IV of the California.

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that the barriers about which Plaintiff complains could not have been remediated without substantial and unreasonable alterations.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that it reasonably accommodated Plaintiff to the extent required by the applicable laws and regulations.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that all of its actions were taken in good faith and in reliance on the reasonable belief that its actions were lawful.

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's claims are barred by reason of an adequate state remedy available to Plaintiffs to redress their claims.

AS AND FOR AN FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that the removal of the barriers about which Plaintiff complains were not readily achievable.

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that the remedies for the barriers about which Plaintiff complains were unduly burdensome.

///

///

///

///

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that insofar as Defendant has not made the alterations to the subject premises of which Plaintiff complains, those alterations were not and are not required to be made by Defendant under applicable laws and regulations, and/or would impose and undue burden on Defendant.

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that it had neither actual nor constructive notice of any architectural or other unlawful barriers, and if such barriers existed, they were not the proximate cause of Plaintiff's injuries, if any.

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, with regard to Plaintiff's Prayer for Relief, this answering Defendant denies that such relief is either appropriate or justified in the circumstances of this case.

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that any of Defendant's conduct towards Plaintiff was justified and privileged.

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint, and each cause of action thereof, are barred in whole or in part because Plaintiff has sustained no injury or damage by reason of acts or omissions of this Defendant.

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, this answering Defendant alleges that should Plaintiff recover from this answering Defendant, this answering Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any there were.

WHEREFORE, Defendant MID-PENINSULA COALITION BELLE HAVEN, INC., prays as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3. For cost of suit incurred herein; and,

4. For such other and further relief as the court deems just and proper.

DATED: November 21, 2007

PAHL & McCAY
A Professional Corporation

By: ______________________
Ginger L. Sotelo

Attorneys for Defendant
MID-PENINSULA COALITION
BELLE HAVEN, INC.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 3-6 of the United States District Court for the Northern district of California, Cross-Claimant hereby demands a jury trial of this matter.

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100