**PAHL & McCAY**
A Professional Corporation
**Karen K. McCay, Esq.** (State Bar No. 187664)
**Ginger L. Sotelo, Esq.** (State Bar No. 210429)
**Michael J. Cheng, Esq.** (State Bar No. 244414)
225 West Santa Clara Street
Suite 1500
San Jose, California 95113-1700
Telephone No.:  (408) 286-5100
Facsimile No.:  (408) 286-5722
kmccay@pahl-mccay.com
gsotelo@pahl-mccay.com
mcheng@pahl-mccay.com

Attorneys for Defendant
MID-PENINSULA COALITION
BELLE HAVEN, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MARSHALL LOSKOT,<br><br>        Plaintiff,<br><br>v.<br><br>RISTORANTE BUON GUSTO, INC., a California corporation, dba BUON GUSTO, MID-PENINSULA COALITION BELLE HAVEN, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>        Defendants.<br>―――――――――――――――――<br>MID-PENINSULA COALITION BELLE HAVEN, INC.,<br><br>        Cross-Claimants,<br><br>v.<br><br>RISTORANTE BUON GUSTO, INC., a California corporation, dba BUON GUSTO, CARMELO IACOLINO, VINCENTO C. VECCHIOLA and ROES 1-50, inclusive,<br><br>        Cross-Defendants.<br>―――――――――――――――――| Case No. C075035 EDL<br><br>**CROSS-CLAIM FOR EQUITABLE, EXPRESS AND COMPARATIVE INDEMNITY AND FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

1    Comes now MID-PENINSULA COALITION BELLE HAVEN, INC. and cross-

2    claims as follows:

3    1.     Jurisdiction of this Court over the subject matter set forth in the cross-claim

4    is predicated on the Plaintiffs' Complaint filed herein and the basis of jurisdiction set

5    forth therein.

6    2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the

7    claims alleged in the Complaint of Plaintiffs arose in the City of South San Francisco,

8    State of California.

9    3.     At all times material herein, Cross-Claimant MID-PENINSULA

10   COALITION BELLE HAVEN, INC., was a corporation residing and doing business in

11   California.

12   4.     Cross-Claimant is informed and believes and thereon alleges that at all

13   times material herein Cross-Defendant RISTORANTE BUON GUSTO, INC., a

14   California corporation, dba BUON GUSTO was a California corporation doing business

15   in San Francisco, California.

16   5.     Cross-Claimant is informed and believes and thereon alleges that at all

17   times material herein Cross-Defendant CARMELO IACOLINO was an individual residing

18   in San Francisco, California.

19   6.     Cross-Claimant is informed and believes and thereon alleges that at all

20   times material herein Cross-Defendant VINCENTO C. VECCHIOLA was an individual

21   residing in San Francisco, California.

22   7.     Cross-claimant is informed and believes and thereon alleges that at all

23   times mentioned herein each of the Cross-defendants named herein was a principal, agent,

24   servant or employee of their co-defendants and were, as such, directing or acting within

25   the scope, course and authority of agency and employment, and therefore pursued a

26   common course of conduct, acted in concert with, conspired with and aided and abetted

27   one another to accomplish the wrongs complained of herein.

28   8.     Cross-Claimant does not know the true names or capacities, whether

**Pahl & McCay**
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

--------------------                    2                    --------------------
**CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY**     (Case No. C075035 EDL)

1    individual, corporate, associate, or otherwise of Cross-Defendants sued herein as ROES 1

2    through 50, inclusive. Cross-Claimant sues said Cross-Defendants by such fictitious

3    names and prays leave to amend this Cross-Claim when the true names and capacities of

4    said Cross-Defendants have been ascertained.  Cross-Claimant is informed and believes

5    and thereon alleges said Cross-Defendants conducted, participated in, or are responsible

6    for the acts set forth herein, and Cross-Claimant f is further informed and believes and

7    thereon alleges that some or all of the said ROE Defendants are in combination, agency,

8    or joint venture relationships with the named Defendants.

9    ### CROSS-CLAIM FOR EQUITABLE INDEMNITY

10   (Against All Cross-Defendants)

11   9.    Cross-Claimant realleges and incorporates herein by reference the

12   allegations contained in Paragraphs 1 through 8, as though fully set forth in detail.

13   10.    Plaintiff MARSHALL LOSKOT filed a Complaint in this Court under the

14   above-entitled caption to recover for damages allegedly sustained at the time and place and

15   in the manner described in the Complaint.

16   11.    Cross-Claimant herein was named as a Defendant in the Complaint on file

17   herein, and have therefore filed an Answer denying the material allegations of the

18   Complaint and asserting affirmative defenses.

19   12.    If Cross-Claimant has a liability to Plaintiff, which liability is expressly

20   denied, and is held to pay or actually pays a disproportionate amount of any settlement,

21   verdict or judgment in excess of such percentage of the loss which is fairly attributable to

22   the Cross-Claimant's  fault, if any, then Cross-Claimant should be reimbursed for any

23   said excess amounts by Cross-Defendants under principles of comparative fault and right

24   of contribution arising therefrom.

25   13.    Cross-Claimant contends that by virtue of its implied right of

26   indemnification by operation of law or equitable right of indemnification, Cross-

27   Defendants are obligated to undertake the defense of this action on behalf of Cross-

28   Claimant, represent Cross-Claimant's interests herein and indemnify and hold Cross-

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

**CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY**    (Case No. C075035 EDL)

1  Claimant harmless from any and all expenses, costs of suit, legal fees and damages,

2  incurred or to be incurred by Cross-Claimant as a result of this action.

3  WHEREFORE, judgment is prayed as hereinafter set forth below.

4  **CROSS-CLAIM FOR ACTION FOR EXPRESS INDEMNITY**

5  (Against All Cross-Defendants)

6  14.    Cross-Claimant realleges and incorporates herein by reference the

7  allegations contained in Paragraphs 1 through 13, as though fully set forth in detail.

8  15.    Cross-Claimant herein has denied the allegations contained in Plaintiffs

9  Complaint against it.  If it is found that Cross-Claimant herein is legally responsible in

10  any manner for any damages to Plaintiffs, if any there were, then Cross-Claimant is

11  informed and believes and thereon alleges that such damage is the legal responsibility of

12  Cross-Defendants who have implied and expressly agreed to indemnify and hold harmless

13  Cross-Claimant, as the acts of the Cross-Claimant herein, if any, were secondary, passive

14  and derivative in nature only.

15  16.    On or about November 1, 2002, Cross-Claimant entered into a written

16  lease agreement with Cross-Defendants concerning the real property located at 224 Grand

17  Avenue, San Francisco, California ("Premises").  The Lease Agreement contained an

18  agreement by Cross-Defendants to indemnify and hold harmless Cross-Claimant from,

19  among other things, any and all damage or liability in connection with the Cross-

20  Defendants' use of the Premises or the conduct of Cross-Defendants' business or from

21  any activity, work done, permitted or suffered by Cross-Defendants in or about the

22  Premises.  Cross-Claimant has tendered this claim to Cross-Defendants for defense and

23  indemnification and Cross-Defendants have failed to respond. A true and correct copy of

24  the Lease Agreement is attached hereto as Exhibit A.

25  17.    By reason of the aforesaid, Cross-Claimant are entitled to be indemnified

26  by Cross-Defendants in an amount of any judgment or damages, which Plaintiff may

27  recover, plus costs of attorneys' fees and court costs incurred in the defense of this

28  action.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

-------------------- 4 --------------------
**CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY**    (Case No. C075035 EDL)

1      WHEREFORE, judgment is prayed as hereinafter set forth below.

2      ## CROSS-CLAIM FOR COMPARATIVE INDEMNITY

3      (Against All Cross-Defendants)

4      18.     Cross-Claimant realleges and incorporates herein by reference the

5      allegations contained in Paragraphs 1 through 17 as though fully set forth in detail.

6      19.     If Cross-Claimant is found to be liable in part, which liability they

7      expressly deny, and if it is further found that Cross-Claimant is not entitled to full

8      indemnity by Cross-Defendants herein, Cross-Claimant allege that Cross-Defendants

9      herein are concurrent tort feasors and, based on the principles of comparative fault, Cross-

10     Claimant are entitled to obtain indemnity and/or contribution from Cross-Defendants on a

11     comparative fault basis.

12     WHEREFORE, judgment is prayed as hereinafter set forth below.

13     ## CROSS-CLAIM FOR DECLARATORY RELIEF

14     (Against All Cross-Defendants)

15     20.     Cross-Claimant realleges and incorporates herein by reference the

16     allegations contained in Paragraphs 1 through 19, as though fully set forth in detail.

17     21.     Unless the relative responsibilities of Cross-Claimant and Cross-Defendants

18     are decided, and the damages accordingly proportioned to them, the Cross-Claimant may

19     incur multiple disproportionate and otherwise oppressive obligations in that the Cross-

20     Claimant may be required to pay for all damages which may include amounts beyond the

21     Cross-Claimant's fair and proportionate contribution.

22     22.     Cross-Claimant expressly denies responsibility for the claims and liabilities

23     asserted against them by Plaintiff.  Notwithstanding said denial, if Cross-Claimant herein

24     is found to be liable to Plaintiff, Cross-Defendants herein are obligated to indemnify and

25     hold harmless Cross-Claimant herein.

26     23.     Cross-Claimant desire a judicial determination of its respective rights and

27     of the duties of the Cross-Defendants herein with respect to the damages and other relief

28     claimed by Plaintiff and with respect to the respective rights of indemnity.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

-------------------           5           -------------------
**CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY**     (Case No. C075035 EDL)

24.    Such a determination is necessary and proper at this time in order that Cross-Claimant may ascertain its rights and duties with respect to the claims of Plaintiff. Furthermore, such declaratory relief is proper given that all claims of Cross-Claimant and Plaintiff arise out of the same facts and circumstances.  Accordingly, determination of the respective rights and liabilities of the parties will help avoid a multiplicity of actions that would result if Cross-Claimant were required to defend the claims of Plaintiff and then to bring a separate action against the Cross-Defendants herein for such indemnification of sums which Cross-Claimant may be compelled to pay as a result of any damages, judgments, or other awards recovered by Plaintiff in this action.

## PRAYER

WHEREFORE, Cross-Claimant prays for judgment against Cross-Defendants, and each of them, as follows:

1.    For damages according to proof;

2.    For a declaration that Cross-Defendants are responsible for any sums awarded to Plaintiff;

3.    For a declaration that Cross-Defendants are responsible for and must indemnify and hold Cross-Claimant harmless from and against any and all claims, demands, damages, judgments or liabilities including, but not limited to, litigation costs, attorneys' fees and consultants' fees arising out of Plaintiff's action;

4.    That the Court declare that the Cross-Claimant be entitled to partial indemnity from Cross-Defendants, said partial indemnity to be based upon the comparative fault which the Cross-Defendants' activities bear to the injuries found to have been sustained by the Cross-Claimant;

5.    In the event that the Court determines that there is any sum due from Cross-Claimant, that the Court find, determine and adjudge that such liability be that of Cross-Defendants based on the allegations set forth above;

6.    For attorney's fees;

7.    For costs of suit incurred herein; and,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

-------------------    6    -------------------
**CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY**    (Case No. C075035 EDL)

8.     For such other and further relief as the Court may deem just and proper.

DATED: November 21, 2007          PAHL & GOSSELIN
                                  A Professional Corporation


                                  By: _____
                                       Ginger L. Sotelo

                                  Attorneys for Defendant and Cross-Claimant
                                  MID-PENINSULA COALITION
                                  BELLE HAVEN, INC.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Rule 3-6 of the United States District Court for the Northern district of California, Cross-Claimant hereby demands a jury trial of this matter.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

2183.028
00105193.WPD

7

CROSS-CLAIM FOR EXPRESS AND IMPLIED INDEMNITY          (Case No. C075035 EDL)